UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KATHY HENSLEY, et. al., | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 15-3811 |
| v. | : | **Opinion** |
| FIRST STUDENT MANAGEMENT, LLC, et. al., | : | |
| Defendants. | : | |

This matter comes before the Court on partial Motion to Dismiss [Dkt. No. 4] of Defendants First Student Management, LLC and First Student Inc. (collectively "Defendants" or "First Student"), pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the written submissions of the parties and the arguments advanced at the hearing on March 9, 2016. For the reasons stated on the record that day and for those that follow, Defendants' partial motion to dismiss is granted.

## I.  Background

Plaintiffs are bus drivers and/or bus assistants employed by Defendants. Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 216 (b) and the New Jersey Minimum Fair Wage Act ("NJMFWA"), N.J.S.A. 34:11-56a25. Counts I and II plead claims for straight time and for overtime pay, respectively, under the FLSA. Counts III and IV of the Complaint plead claims for straight time and for overtime pay, respectively, under the NJMFWA. Defendants move only to dismiss Count I, the claim for straight time pay under the FLSA, arguing that a claim for straight

time pay is not cognizable under the FLSA.

This case presents the narrow question of whether the FLSA permits a claim for straight time pay when an allegation has been made that an employee worked in excess of 40 hours in a workweek and did not receive appropriate overtime compensation. Put differently, the Court must decide whether a Plaintiff who alleges that he/she worked in excess of 40 hours but was not paid for the entire 40 hours worked may recover, under the FLSA, for both the unpaid overtime pay and the compensable unpaid portion – or straight pay— of the hours worked up to 40 hours in a workweek.   The Third Circuit has not directly addressed this question.

## II.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim.   Fed. R. Civ. P. 12(b)(6).   When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).   It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).   The question before the

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."   U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).   Accord Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted).

Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not

---

[2]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Analysis

In this case, Plaintiffs' claim for straight time pay is actually a claim for what is also referred to as "gap time" pay. Gap time is defined as "uncompensated hours worked that fall between the minimum wage and the overtime provisions of the FLSA." Adair v. City of Kirkland, 185 F.3d 1055, 1059 (9th Cir. 1999). Many courts, including the Third Circuit, acknowledge that potential subclasses of gap time exist: "pure gap time" and "overtime gap time." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 244 (3d Cir. 2014) (citing Monahan v. Cnty. of Chesterfield, Va., 95 F.3d 1263, 1272-73 (4th Cir.

4

1996)).  "Overtime gap time" pay refers to "gap time claims by an employee who exceeds the overtime threshold, but whose employment contract does not compensate him or her for all non-overtime hours." Davis, 765 F.3d at 244.  In other words, "overtime gap time" pay is compensation for unpaid hours worked during the course of a 40 hour workweek when a plaintiff alleges that he/she worked in excess of 40 hours in a workweek and was not compensated for both overtime work (work in excess of 40 hours) and straight time work (work up to 40 hours).1  The Court finds that the Plaintiffs may not recover for overtime gap time pay under the FLSA.

      The FLSA expressly contemplates claims for minimum wage violations and for failure to pay overtime wages. "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Genesis Healthcare Corp. v. Symczyk, ––– U.S. ––––, 133 S.Ct. 1523, 1527, 185 L.Ed.2d 636 (2013).  In order to recover under the FLSA, a plaintiff must allege either the failure to pay the minimum wage or a failure to pay for overtime. 29 U.S.C. §§ 201-19.  A cognizable claim for overtime must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1) (requiring that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated time and a half for

---

1 Plaintiffs' allegation for "straight time" is not a "pure gap time" claim. "Straight time" or "pure gap time" seeks redress for uncompensated hours in a 40 hour work week without overtime. Because Plaintiffs allege that they worked at least 40 hours in a week plus overtime hours, or time in excess of forty hours, Plaintiffs' straight time claim seeks compensation for "overtime gap time."

the excess hours)).

It is well settled that claims for straight time, also known as "pure gap time," are not cognizable under the FLSA. See 29 U.S.C. §§ 201–19; Davis, 765 F.3d at 244; Monahan, 95 F.3d at 1280; Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F.3d 192, 201 (2d Cir. 2013) ("[T]he FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold."). The Court finds that this prohibition extends to overtime gap time pay.

Here, there is no dispute that Plaintiffs satisfy the pleading mandate and allege uncompensated time in excess of 40 hours in a given workweek. See Compl. ¶¶ 169-172.2  At issue is whether Plaintiffs can recover for the straight time component of the alleged violation. There is no binding precedent on this issue and the parties agree that the Third Circuit in Davis acknowledged, but did not reach, this nuanced question. Davis, 765 F.3d at 244 ("We need not resolve the issue in this case because, as discussed above, the plaintiffs have not plausibly alleged that they worked overtime in any given week.") Indeed, Plaintiffs' Complaint invites the very consideration of the FSLA's reach contemplated by the Third Circuit in Davis.

---

2  The Complaint specifically alleges that:
    On a regular basis, when all of the drivers' hours are properly counted, the drivers work more than 40 hours per week [;]
    Pursuant to the FLSA, plaintiffs and the members of the Proposed FLSA Class are entitled to be paid for all straight time worked during weeks their hours exceed forty (40) hours [;]
    First Student has refused and continues to refuse to pay drivers and their assistants for all straight time worked [;]
    The failure of First Student to pay for all straight time worked by the plaintiffs during all weeks these drivers worked more than forty (40) hours is a violation of the FLSA.
Compl., ¶¶ 169-172.

6

Only two Circuits have directly addressed this issue and the determination of the viability of a claim for overtime gap time pay under the FLSA is split. In 1996, the Fourth Circuit in Monahan held that overtime gap time pay is compensable under the FLSA in limited circumstances. Monahan, 95 F.3d at 1273, 1279. In reaching this conclusion, the Monahan court afforded significant weight to the Department of Labor's policy statements and interpretive guidance, codified in 29 C.F.R. §§ 778.315, .317, and .322. Section 778.315, which considers time and a half pay, provides: "[t]his extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) … has been paid." 29 C.F.R. § 778.315.

More recently, the Second Circuit in Lundy considered an overtime gap time claim and concluded that the plain text of the FLSA does not afford redress for uncompensated gap time hours. Lundy, 711 F.3d at 116. In its holding, the Second Circuit specifically rejects the Fourth Circuit's reliance on the Department of Labor's interpretive statements in Monahan. Id. at 117.   At first glance, the Fourth Circuit's reasoning appears pragmatic; it makes sense "that in order to determine overtime compensation, one must first look to the employment agreement to determine whether the employer has first paid all straight time due under the agreement." Monahan, 95 F.3d at 1273 (quoting 29 C.F.R. § 778.315).

Although the language of the C.F.R. may infer a claim for overtime gap time pay, this Court agrees with the reasoning of the Second Circuit in Lundy, that such a

7

conclusion results in an expansion of the FLSA.  Lundy's appraisal of the reliability and precedential value of the Department of Labor's guidance and interpretive statements as lacking both "statutory support or reasoned explanation" is persuasive. Lundy, 711 F.3d at 116-17 ("The interpretive guidance on which Monahan relied, insofar as it might be read to recognize gap-time claims under FLSA, is owed deference only to the extent it is persuasive: it is not."); see also, Madison v. Res. for Human Dev., Inc., 233 F.3d 175, 185 (3d Cir. 2000) (citing Christensen v. Harris County, 529 U.S. 576, 120 S.Ct. 1655, 1662, 146 L.Ed.2d 621 (2000) ("Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant Chevron-style deference.")).  The plain language of the FLSA "requires only payment of minimum wages and overtime wages. See 29 U.S.C. §§ 201–19. It simply does not consider or afford a recovery for gap-time hours." Lundy, 711 F.3d at 116; see also Spencer v. First Student Management, LLC, No. 15-CV- 9069, 2016 U.S.Dist. LEXIS 21212 (N.D. Ill. Feb 22, 2016); Gomley v. Crossmark, Inc., No. 1:13-CV-00420, 2015 U.S. Dist. LEXIS 54037, *16 (D. Idaho Apr. 22, 2015) ("The plain language of the FLSA does not encompass gap time pay — whether it be pure gap time or overtime gap time.")).

     Here, to the extent that the FLSA leaves a gap in full redress for Plaintiffs, that gap is filled by application of the remedies afforded by state law, in the form of the NJMFWA. "In this way federal law supplements the hourly employment arrangement with features that may not be guaranteed by state laws, without creating a federal remedy for all wage disputes—of which the garden variety would be for payment of

8

hours worked in a 40–hour work week." Lundy, 711 F.3d at 116. The question of whether "Plaintiffs are entitled to be paid for all time worked including the time within the tolerance setting, plus the undocumented preliminary activity time and the postliminary activity time[,]" see Comp., at ¶ 161, is a question best answered by application of state law. See, e.g., Lundy, 711 F.3d at 116, n.8 (citing Koelker v. Mayor & City Council of Cumberland, 599 F.Supp.2d 624, 635 n. 11 (D.Md. 2009) (criticizing Monahan and noting the state courts are better "positioned" to handle "the contractual interpretation and determination of straight time compensation[.]")).

Here, Plaintiffs agree that the claims for straight time pay are cognizable under the NJMFWA. The NJMFWA is the appropriate lens to consider the merits of Plaintiffs' straight time claims. Although the Complaint is plead carefully in an attempt to fit within the confines of the applicable law governing FLSA claims, Count I does not allege that Defendants failed to pay minimum wage or compensate overtime hours. Compensation for overtime hours worked is plead in Count II. The Court finds that Plaintiffs' claim for straight time (overtime gap time) under the FLSA as plead in Count I is not cognizable.   Defendants' motion to dismiss Count I is granted.

### IV.   Conclusion

For the reasons stated herein, and those set forth on the record on March 9, 2016, Defendants' motion to dismiss Count I is granted.   An appropriate Order shall issue.


Dated: March 31, 2016              s/ Joseph H. Rodriguez
                                   HON. JOSEPH H. RODRIGUEZ,
                                   United States District Judge


9