UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KATHY HENSLEY, et. al., | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 15-3811 |
| v. | : | |
| FIRST STUDENT MANAGEMENT, LLC, et. al., | : | **Opinion** |
| Defendants. | : | |

This matter comes before the Court on Plaintiffs' Motion to Certify the Court's March 31, 2016 Order Granting Partial Dismissal For Interlocutory Appeal. The Court has considered the written submissions of the parties, without oral argument, and will deny the motion.

## I. <u>Background</u>

Plaintiffs seek to certify for appeal the Court's dismissal of Plaintiffs' claims as plead in Count I, a claim for straight time pay under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 216 (b). Specifically, the Court held that Plaintiffs' claim for straight time pay is actually a claim for what is also referred to as "gap time" pay; in other words, "uncompensated hours worked that fall between the minimum wage and the overtime provisions of

the FLSA." Adair v. City of Kirkland, 185 F.3d 1055, 1059 (9th Cir. 1999). "Overtime gap time" pay refers to "gap time claims by an employee who exceeds the overtime threshold, but whose employment contract does not compensate him or her for all non-overtime hours." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 244 (3d Cir. 2014).

Because the claims in Count I seek redress under the FLSA for compensation for unpaid hours worked during the course of a 40 hour workweek where the plaintiffs allege that he/she worked in excess of 40 hours in a workweek and was not compensated for both overtime work (work in excess of 40 hours) and straight time work (work up to 40 hours), the Court construed the claim as seeking overtime gap time pay.

As the Court noted in the March 31, 2016 Opinion, the Third Circuit in Davis acknowledged the potential existence of overtime gap time pay, but did not reach, the question of whether a claim for overtime gap time pay is cognizable under the FLSA. See Hensley v. First Student Mgmt., LLC, No. CV 15-3811, 2016 WL 1259968, at *3 (D.N.J. Mar. 31, 2016) (citing Davis, 765 F.3d at 244 ("We need not resolve the issue in this case because, as discussed above, the plaintiffs have not plausibly alleged that they worked overtime in any given week."). Although Plaintiffs' claim in Count I invites review of the very consideration of the FSLA's reach contemplated by the

Third Circuit in Davis, the Court finds that Plaintiffs are unable to satisfy the criteria for interlocutory review under 28 U.S.C. § 1292(b) and Plaintiffs' motion is denied.[1]

## II.  Standard of Review

Certification under § 1292(b) requires satisfaction of three criteria for the district court's exercise of discretion to issue an interlocutory appeal certificate. "The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (citation omitted). Thus, certification is appropriate if the appeal "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the

---

[1] There is a split amongst the Courts of Appeal for the Second and Fourth Circuits as to the whether the FLSA permits a claim for overtime gap time pay.  This Court adopted the approach taken by the Court of Appeals for the Second Circuit in Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106 (2d Cir. 2013) and rejected the reasoning of the Court of Appeals for the Fourth Circuit in Monahan v. Cnty. of Chesterfield, Va., 95 F.3d 1263, 1272-73 (4th Cir. 1996).  The presence of this split, however, does not tip the scale in favor of interlocutory review because the Court of Appeals for the Third Circuit in Davis, albeit for a different consideration, found the reasoning in Lundy persuasive on the issue of the pleading requirements for a claim under the FLSA. Davis, 765 F.3d at241 ("We agree with the middle-ground approach taken by the Court of Appeals for the Second Circuit in Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106 (2d Cir. 2013)").  Given the Davis court's imprimatur of the reasoning in Lundy, the significance of a split is diminished by the Third Circuit's endorsement of the reasoning employed in this Court's March 31, 2016 Opinion.

order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

To succeed, the petitioner bears the burden of demonstrating all three criteria. Katz, 496 F.2d at 754-755; Levine v. United Healthcare Corp., 285 F.Supp.2d 552, 556 (D.N.J. 2003). However, satisfaction of these criteria alone does not guarantee certification as the district court may exercise its discretion and deny certification. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976) (citing Katz, 496 F.2d at 754).

Moreover, a district court should exercise this discretion and certify issues for interlocutory appeal only "sparingly" and in "exceptional circumstances[.]" Cardona v. General Motors Corp., 939 F. Supp. 351, 353 (D.N.J. 1996) (citation omitted); Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1995); see also Sabree v. Williams, No. CIV.A. 06-2164, 2008 WL 4534073, at *1 (D.N.J. Oct. 2, 2008).

### III.  Analysis

The Court finds that Plaintiffs cannot establish the second and third criteria necessary for interlocutory review.[2]  First, Plaintiff cannot establish

---

[2] With respect to whether the motion satisfies the first criteria of 28 U.S.C. § 1292(b), the Court notes, as will be discussed infra. with respect to material advancement of termination, that Plaintiffs' inability to pursue a claim of overtime gap time pay under the FLSA impacts the damages determination; the liability issue is preserved under the New Jersey Minimum Fair Wage Act ("NJMFWA"), N.J.S.A. 34:11-56a25.  It is the scope of available damages which constitutes the controlling issue of law. See Garcia v. Freedom Mortg. Corp., 274 F.R.D. 513, 517 (D.N.J.

that there is a substantial difference of opinion to justify interlocutory review.  In this regard, Plaintiffs' reliance on <u>Federman v. Bank of Am., N.A.</u>, No 14-0441, 2014 U.S. Dist. LEXIS 175565 (D.N.J. Dec. 16, 2014) and <u>Jones v. S.C.O., Silver Care Operations LLC</u>, No. 13-7910, 2014 WL 5410627 (D.N.J. Oct. 23, 2014) to establish a split within this district and a ground for difference of opinion misses the mark because neither case addresses the viability of overtime gap time claims under the FLSA.  In <u>Federman</u>, plaintiff sought redress "not [for] his regulary hourly rate for "gap time," but for the hours he actually worked over the overtime limit." <u>Federman</u>, No 14-0441, 2014 U.S. Dist. LEXIS 175565, at *26 (D.N.J. Dec. 16, 2014).

While <u>Jones</u> explained the different approaches taken by the Fourth and Second Circuits in evaluating the scope of sufficient FLSA pleadings, the issue of whether overtime gap time pay falls within the ambit of the FLSA was not reached. <u>Jones v. SCO, Silver Care Operations LLC</u>, No. CIV. 13-7910 NLH/AMD, 2014 WL 5410627, at *4 (D.N.J. Oct. 23, 2014). Instead, <u>Jones</u> addresses the pleading standard for straight overtime pay, and not gap time. <u>Id.</u> (Holding that allegations which "demonstrate that

---

2011) ("The FLSA also allows for liquidated damages, whereas the NJWHL does not so provide.") (citing 29 U.S.C. §§ 216(b), 260; N.J.S.A. § 34:11–56a25).

plaintiffs worked forty hours of work "in a given workweek as well as some uncompensated time in excess" of the forty hours, plaintiffs state plausible FSLA overtime claims.").

The Court finds that there is not a substantial ground for difference of opinion sufficient to justify interlocutory review and denies the motion on this basis.

In addition, the Court finds that Plaintiffs' motion would not "materially advance the ultimate termination of the litigation[,]" as there are several counts plead that remain in the case. 28 U.S.C. § 1292(b). Plaintiffs' argument centers on the efficiency of the litigation, but fails to account for the fact that the claims plead in the dismissed Count I are identical to the claims in Count II.  Count II seeks redress under the auspices of the New Jersey Minimum Fair Wage Act ("NJMFWA"), N.J.S.A. 34:11-56a25.  The NJWFWA permits a claim for straight time/ overtime gap time pay and the factual issues inherent in resolution of the allegation of overtime gap time pay will be given review.  As a result, the advancement of the termination of the litigation is not significantly furthered and Plaintiffs' motion is denied on this basis.

## IV. <u>Conclusion</u>

For the reasons stated herein, there are no "exceptional circumstances" that justify the narrow application of interlocutory certification. <u>Cardona</u>, 939 F. Supp. at 353. As a result, the Court will not exercise its discretion to grant interlocutory review and Plaintiffs' Motion to Certify the Court's March 31, 2016 Order Granting Partial Dismissal For Interlocutory Appeal is denied.

An appropriate Order shall issue.

Dated: December 7, 2016

                                           s/ Joseph H. Rodriguez
                                           HON. JOSEPH H. RODRIGUEZ,
                                           United States District Judge